UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                    NO. 16-68

JONATHAN LAWRENCE, ET AL.              SECTION "R" (4)

## ORDER AND REASONS

Defendant Aloysius Korieocha moves the Court to sever his trial from that of his codefendants.[1]  For the following reasons, the Court denies the motion to sever.

## I.   BACKGROUND

On December 2, 2016, the grand jury returned the Superseding Indictment, which names eight defendants and includes twenty-six charges.[2] Count 1 charges defendants Jonathan Lawrence, Donald Marcelin, Brandon Hall, Brian Maxson, Aloysius Korieocha, Dwayne Labranch, Lance Stovall, and Vonzo Magee with conspiracy to distribute and to possess with intent to distribute heroin and fentanyl, in violation of Title 21, United States Code,

---

[1]     R. Doc. 133.
[2]     R. Doc. 62.  Defendant Korieocha was not named in the original Indictment returned on April 21, 2016.  R. Doc. 1.

Section 841(a)(1) and 846.[3]   Count 2 charges Lawrence, Hall, Maxson, Labranch, and Magee with conspiracy to possess firearms in furtherance of the drug conspiracy charged in Count 1.[4]   Count 3 charges Korieocha with knowingly and intentionally distributing heroin in violation of Title 21, United States code, Sections 841(a)(1), and (b)(1)(C).[5]   Korieocha is charged only in Count 1 and Count 3.

Counts 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 21, 22, and 24 charge other defendants with distribution of either heroin or fentanyl, or both.[6]   Counts 10 and 14 indicate that a death resulted from the use of the substances.[7]  Counts 8 and 18 charge Lawrence and Hall, and Lawrence, Hall, and Labranch, respectively, with knowingly using, carrying, and discharging a firearm during and in relation to the conspiracy charged in Count 1.[8]   Count 9 charges Lawrence, Hall and Labranch with discharging a firearm within 1000 feet of a school.[9]   Counts 19, 20, and 26 charge Lawrence, Hall, and Magee, respectively, with possession of a firearm by a convicted felon. Finally, Counts 23 and 25 charge Maxson and Magee, respectively, with

---

[3]   R. Doc. 62 at 2.
[4]   *Id.* at 3.
[5]   *Id.* at 4.
[6]   *Id.* at 4-10.
[7]   *Id.* at 6-7.
[8]   *Id.* at 5, 8.
[9]   *Id.* at 5-6.

possession of a firearm in furtherance of the drug conspiracy charged in Count 1.[10]  Every defendant charged in counts 2-26 is charged as a member of the drug conspiracy in Count 1.

Defendant Korieocha now moves to sever his trial from that of his codefendants.  The government opposes Korieocha's motion.[11]  Korieocha argues that a severance is warranted to avoid undue prejudice and because there is a concern that the jury will hear the evidence against Korieocha's codefendants and use it against Korieocha.[12]

## II.    DISCUSSION

Rule 8(b) of the Federal Rules of Criminal Procedure allows for a count of an indictment to "charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b). Even if joinder is proper under Rule 8(b), Rule 14 allows the Court to sever the defendants' trials if a consolidated trial would result in prejudice.  Fed. R. Crim. P. 14.  Rule 14 provides that a court may order the severance "[i]f the joinder of offenses or defendants in an indictment, an information, or a

---

[10]    *Id.* at 10.
[11]    R. Doc. 136.
[12]    R. Doc. 133-1 at 2-5.

3

consolidation for trial appears to prejudice a defendant or the government [.]" Fed. R. Crim. P. 14(a); *see also Zafiro v. United States*, 506 U.S. 534, 538 (1993). But Rule 14 does not require severance even if prejudice is shown. Rather, "it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39. In exercising that discretion, the district court is to "balance the right of a defendant to a fair trial against the interests of judicial economy." *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979).

When the Government indicts defendants together, there is a preference for joint trials of the defendants. *Zafiro*, 506 U.S. at 537. Courts have generally held that when defendants are indicted together, they should be tried together. *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). This is especially true when the defendants are charged with the same conspiracy. *See id.* The Supreme Court has directed a court to sever charges "only if there is a risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The defendant carries the "heavy burden" of showing "specific and compelling prejudice." *United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994).

4

Korieocha concedes that the initial joinder under Rule 8 was proper,[13] but argues that severance is warranted under Rule 14. Here, Korieocha argues that given that he is charged in only two of the 26 counts, the jury will mistakenly use evidence proffered against the other defendants against Korieocha. Further, he argues that prejudicial evidence that is irrelevant to him will be introduced at trial. Despite his contentions, Korieocha does not establish the specific and compelling prejudice necessary to warrant the remedy of severance in a conspiracy trial.

Korieocha mistakenly argues that severance is proper because he is charged in only two of the 26 counts of the indictment. The Fifth Circuit has repeatedly held that neither qualitative nor quantitative differences in a defendant's involvement in a conspiracy merits severance. *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990); *see also United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012) ("[A] spillover effect, by itself, is an insufficient predicate for a motion to sever.") (citations omitted). Accordingly, that Korieocha is not named in 24 of the 26 counts does not warrant severance.

Further, Korieocha's description of certain evidence that may be prejudicial as "entirely irrelevant" to him is an overstatement. Five of the 26

---

[13]    R. Doc. 133-1 at 2.

charges relate to firearm offenses against other members of the drug conspiracy of which Korieocha was charged, and the offenses were allegedly committed in furtherance of that drug conspiracy. Further, the Superseding Indictment charges that the drug conspiracy began at a time unknown and "continu[ed] through the present."[14] The Government contends that Korieocha was still involved with the conspiracy when the firearms offenses and many of the individual drug distribution events occurred, and further contends that Korieocha had communications with the other members of the conspiracy during this period.[15] Because these five charges relate to a conspiracy of which Korieocha was allegedly a member, Korieocha's reliance on *United States v. Cortina*, 142 F.3d 242 (5th Cir. 1998) is misplaced. There, severance was warranted for two codefendants because they were not members of, or even associated with, the gang that killed a 14-year-old boy, and the codefendants' charged involvement with the conspiracy had ended before the gang members joined the conspiracy. *Id.* at 248. Importantly, the Fifth Circuit also held that severance was not proper for two other defendants, who were members of a group affiliated with the gang and their involvement with the conspiracy coincided with the gang's involvement. *Id.*

---

[14]     R. Doc. 62 at 2.
[15]     R. Doc. 136 at 2.

at 249.  Here, Korieocha's alleged involvement in the conspiracy overlapped with the other charges, and the other defendants "were not, as in *Cortinas*, unknown to him or operating wholly independently."    *United States v. Fernandez*, 559 F.3d 303, 317 (5th Cir. 2009).

Finally, even assuming Korieocha could show that he faced undue prejudice, he has not addressed why this prejudice would not be avoided by proper limiting instructions to the jury.  As the Fifth Circuit has explained, "when one conspiracy exists, severance is not required, even where the quantum and nature of the proof in each case is different, so long as the trial court repeatedly gives cautionary instructions."  *Rocha*, 916 F.2d at 228; *see also Owens*, 683 F.3d at 100 ("Compelling prejudice is not shown if it appears that, through use of cautionary instructions, the jury could reasonably separate the evidence and render impartial verdicts as to each defendant.") (citations omitted).  Here, the Court can mitigate any potential prejudice to Korieocha by instructing the jury to limit its consideration of the evidence to the appropriate defendant.  *Zafiro*, 506 U.S. at 540; *Mitchell*, 31 F.3d at 276; *see also Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (noting

that "juries are presumed to follow their instructions"). Thus, any potential prejudice to Korieocha does not warrant severance.[16]


## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Korieocha's motion.


New Orleans, Louisiana, this ___25th__ day of July, 2017.


_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16]    Because Korieocha has not shown severance is warranted, the Court need not address judicial economy concerns.  R. Doc. 136 at 6-7.