UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-68 |
| ALOYSIUS KORIEOCHA | SECTION "R" (4) |

## **ORDER AND REASONS**

The Court has received defendant Aloysius Korieocha's motion "seeking to be placed on home confinement under the CARES Act."[1] The government opposes the motion.[2]

On May 15, 2019, the Court sentenced Korieocha to 120 months' imprisonment for conspiracy to distribute one kilogram or more of heroin and a quantity of fentanyl.[3] Defendant was part of a drug-trafficking organization that primarily operated in Eastside Hollygrove.[4] Korieocha is imprisoned at the Forrest City Federal Correction Complex, and his expected release date is August 18, 2025.[5] He now asks to be confined at home on

---

[1]   R. Doc. 403.
[2]   R. Doc. 406.
[3]   *See* R. Doc. 287.
[4]   *See* R. Doc. 275 at 8 ¶ 37.
[5]   *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited May 10, 2020).

account of COVID-19.[6]  The Court construes his motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

The Court does not find compassionate release appropriate in these circumstances.  First, defendant has not yet exhausted his administrative remedies with the Bureau of Prisons.  The compassionate release statute reads:

> The Court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c).  Here, defendant candidly admits he has not exhausted his administrative remedies.[7]  Indeed, defendant's motion does not make clear whether he has even made such a request to the warden of Forrest City.  Regardless of whether this failure would require the Court to reject Korieocha's motion as a matter of course—on either jurisdiction or claim-processing grounds—the BOP's lack of opportunity to address defendant's request informs this Court's decision.

---

[6]   R. Doc. 403.
[7]   R. Doc. 403 ("I have not exhausted the administrative remedy ordained by 18 U.S.C. § 3582(c)(1)(A).").

2

Moreover, defendant has not made a showing that the BOP is unable to address his situation adequately. Indeed, the Attorney General has generally instructed the BOP to prioritize granting home confinement on account of COVID-19,[8] and specifically expanded home release in facilities affected by COVID-19.[9] And the BOP not only is aware of COVID-19, but also is taking its own measures to address the disease's impact.[10] Furthermore, to do so, the BOP must use its expertise to consider both the impact of COVID-19 on individual prisoners, as well as the system-wide consequences of releasing prisoners as a response. The Court would be in a much better position to make a decision as to Korieocha's release if it had the benefit of the application of the BOP's expertise in the first instance.

---

[8] Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic*, https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf (last visited May 8, 2020).

[9] Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, https://www.justice.gov/file/1266661/download (last visited May 8, 2020).

[10] *See, e.g.*, Federal Bureau of Prisons, *Update on COVID-19 and Home Confinement* (Apr. 5, 2020) (stating that "[i]n response to COVID-19, the Bureau of Prisons (BOP) has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures"), https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp; *see also, e.g.*, Federal Bureau of Prisons, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 8, 2020).

And Korieocha has not shown that he satisfies the other requirements for compassionate release. For instance, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: "a terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (b) "[a]ge—starting at age 65;" and (c) "[f]amily [c]ircumstances." *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Defendant is thirty-eight years old and does not point to any family circumstances that would justify compassionate release. The only medical condition he points to is his asthma, which is not a "terminal illness." Although asthma is a chronic condition that may elevate defendant's risk of becoming ill from COVID-19,[11] the presentence investigation report notes

---

[11] *See Centers for Disease Control, Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk for Severe Illness*

4

that defendant reported "in fair physical condition with no history of hospitalizations" and was not taking any medications.[12]  Moreover, defendant has not shown that the chronic illness rises to the level of a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1.  Defendant's medical condition therefore does not rise to the level of an "extraordinary and compelling reason" meriting release.

Finally, the Court notes that defendant specifically requests home-confinement as a possible remedy.  The Court cannot order that relief.  Rather, the decision to order home confinement rests solely with the BOP.  *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment").  Numerous courts have therefore found that a court lacks jurisdiction to order home confinement under the CARES Act.  *See, e.g.*, *United States v. Gentry*, No. 5:03-50033-05, 2020 WL 2131001, at *5-6 (W.D. La. May 5, 2020) (finding the court lacked jurisdiction to order home confinement and collecting cases with the same finding).

---

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last Visited May 8, 2020).
[12]    R. Doc. 275 at 23 ¶ 124.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __11th__ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE